Andrews, J.
The exchange of stock contemplated by the agreement of August 11,1871, having been made, the defendant was bound by his covenant “ that all profits and dividends of and upon the stock of the Albany Dental Plate Company so exchanged, up to the first day of January 1872, shall be paid ” to the plaintiffs. The Albany Dental Plate Company was a corporation, and no dividend on the stock of the company was made after the agreement of August 11, 1871, until April 9, 1872, when a dividend of fifteen dollars on each share was declared, whereby the defendant was entitled to receive, and did receive on the twenty shares transferred to him by the plaintiffs, $300.
The referee finds that of this sum $250 was derived from the increase in the value of the assets and cash of said company on hand January 1, 1872, over the value of its cash and other assets August 11,1871, the date of the agreement, and for that sum he directed judgment against the defendant. The question of law in the case is whether, upon the facts found, there were any profits or dividends on the stock to which, under the agreement, the plaintiffs were entitled.
It is conceded that the plaintiffs are not entitled to recover anything by force of the word dividends contained in the agreement. This word when used in reference to corporate stocks has a technical but well understood meaning, and indicates corporate funds derived from the business and earnings of the corporation, appropriated by a corporate act to the use of and to be divided among the stockholders. ’ If it has in some cases a broader signification, it is not material now to notice it. The defendant agreed that dividends to the 1st of January, 1872, should be paid to the plaintiffs. As no declaration of a dividend was made until April 9, 1872, the *557 defendant incurred no liability under this part of the agreement.
It is claimed, however, that the increase in the assets of the company from the date of the agreement to January 1, 1872, were profits, and that the defendant having as a stockholder an interest in them, that interest was a profit on the stock which he had hound himself to pay to the plaintiffs. If this position can be sustained, the defendant derived no benefit from the limitation of the liability to pay dividends, to such as should be declared prior to January 1, 1872, because, under the name of profits, the plaintiffs would be entitled to recover the defendant’s share of the earnings of the company up to that time, whenever they might be divided. But it is to be observed that the defendant’s undertaking was that the “ profits and dividends of and upon the stock ” should be paid to the plaintiffs. A shareholder in a corporation has no legal title to the property or profits of the corporation until a division is made. In the Queen v. Arnaud (9 Ad. & El. [N. R.], 806) Lord Denman, C. J., said : “ The individual members of the corporation are no doubt interested in one sense in the property of the corporation, as they may derive individual benefit from its increase or loss from its destruction, but in no legal sense are the individual members the owners.” And in Browne v. Collins (L. R. [12 Eq. Cas.], 594) the vice-chancellor, in speaking of the rights of a stockholder, says : “ He has no inchoate or other right till the dividends have been declared.” (See also City of Utica v. Churchill, 33 N. Y., 228; Van Allens. The Assessors, 3 Wall., 573.) The undivided profits of a corporation may never be received by the stockholders. They may be squandered or lost, and no benefit may accrue to the stockholders therefrom.
The covenant of the defendant related to profits of the stock up to the 1st of January, 1872. There were profits earned by the corporation up to that time, but to these the covenant does not apply. They were not profits of the stockholders in any legitimate sense. There were no profits accruing to the stockholders until they were set apart by the *558 corporation for their use. If the construction of the covenant claimed by the plaintiffs is correct, the defendant would be liable for a pro rata share of the profits earned by the corporation up to January 1, 1872, irrespective of the fact of a division. This would subject the defendant to liability if upon an investigation of the affairs of the company at that time it should appear that profits had been earned. It can hardly be supposed that it was intended to subject the defendant to so inconvenient and onerous an obligation. A gift of the profits and dividends of stock for life would not, I think, be held to carry dividends declared after the death of the beneficiary, although made from profits accrued during his life.
In In re Ezekiel Barton's Trust (L. R. [5 Eq. Cas.], 238), shares in a company were settled upon trust to pay A. during her life “ the interest, dividends, share of profit, or annual proceeds,” and after her death, in trust for her children. During A.’s lifetime an addition of three full paid shares, to those held in trust for her, was made by the company, to apply as a portion of the earnings of the previous half year, used in construction, which new shares were made to represent the money so applied, and it was held that the shares belonged to those entitled in remainder, and not to A.’s administrator. It is unnecessary to adopt the doctrine of this case to sustain the position here taken by the defendant. The language of the vice-chancellor in Clapp v. Astor (2 Ed. Ch., 379) is applicable, and the principle stated is founded in good sense. He says : “ When, therefore, a contract is made in relation to dividends or profits, it must be deemed to have reference to dividends or profits to be ascertained and declared by the particular company, and not to growing profits from day to, day, or month to month, to be ascertained upon an investigation by third persons, or courts of justice, into the accounts and transactions of the company.”
The words profits and dividends, in the contract in question, related, to profits or dividends realized by the defend *559 ant as a stockholder, or declared by the company, prior to January 1, 1872, and as no division of profits or declaration of dividends was made, the plaintiffs are not entitled to recover. The fact that this construction does not affix a separate and distinct meaning to the terms used is a consideration which is not entitled to much weight. No word is rejected, and the use of several words in a contract to express substantially the same thing is certainly not infrequent. That the words referred to were so used in the contract in question is apparent from the consideration of the whole instrument.
The judgment should be reversed, and a new trial ordered.
All concur except, Church, Ch. J., dissenting.
Judgment reversed.